UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ELI ALMANZAR MOREY,

    Petitioner,

v.

ORLANDO RODRIGUEZ,

    Respondent.

Civ. No. 17-56 (KM)

OPINION

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

The petitioner, Eli Almanzar Morey, is an immigration detainee currently held at the Elizabeth Detention Center in Elizabeth, New Jersey. He is proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, the habeas petition will be denied without prejudice to a future application based on changed circumstances.

## II. BACKGROUND AND PLEADINGS

Morey is a native and citizen of the Dominican Republic. Morey entered the United States in April 1996 as a conditional permanent resident. In September 2000, Morey was convicted in the Supreme Court of the State of New York, New York County, of criminal sale of a controlled substance in the fifth degree, under New York Penal Law § 220.31. Subsequently, Morey successfully petitioned to remove his conditions of residence and thus became a lawful permanent resident on September 23, 2010.

Morey traveled to the Dominican Republic on March 6, 2015. When he returned, on March 17, 2015, and attempted to reenter the United States at Newark Liberty International

Airport, Customs and Border Protection ("CBP") deemed him inadmissible and detained him. Morey has been in the custody of Department of Homeland Security, Immigration and Customs Enforcement ("ICE") since that time.

An immigration judge ("IJ") ordered Morey removed on October 7, 2015, and Morey appealed this decision to the Board of Immigration Appeals ("BIA"). Morey appeared for a custody determination on October 11, 2016, but the presiding IJ denied Morey's application for release, deeming him a flight risk. The BIA dismissed Morey's appeal on February 16, 2017, and the Department of Homeland Security ("DHS") received travel documents to effect Morey's removal approximately two weeks later. Shortly thereafter, Morey filed a petition for review with the United States Court of Appeals for the Third Circuit. On March 30, 2017, the Court of Appeals granted Morey's motion to stay his removal pending a decision on his petition for review.

Meanwhile, Morey filed this habeas petition on January 4, 2017. He seeks an order granting his immediate release from immigration detention or, alternatively, directing that a bond hearing occur before an IJ. Respondent filed a response in opposition to the habeas petition. Morey filed no timely reply.

Respondent explains that Morey has been detained as an "applicant for admission" under 8 U.S.C. § 1225(b), because of his 2000 conviction. Respondent argues that, given this status, Morey lacks constitutional due process rights and may receive parole only at the discretion of the Attorney General, not from an IJ. Accordingly, respondent contends, Morey's petition must also be denied for failure to exhaust administrative remedies, as he has not requested such discretionary parole. In any case, respondent asserts that Morey's petition is moot, as he has already received a custody hearing before an IJ, who denied Morey parole as a flight risk.

## III. DISCUSSION

Under 28 U.S.C. § 2241, a district court may exercise jurisdiction over a habeas petition when the petitioner is in custody and alleges that this custody violates the constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A petitioner may seek § 2241 relief only in the district in which he is in custody. *United States v. Figueroa*, 349 F. App'x 727, 730 (3d Cir. 2009). This Court has jurisdiction over Morey's petition as he is detained within this district and alleges that his custody violates the Fifth Amendment to the U.S. Constitution, as well as federal law. (Pet., ECF No. 1, ¶¶ 12–18.)

ICE has detained Morey as an "applicant for admission" under 8 U.S.C. § 1225(b). An alien who is a lawful permanent resident generally will not be considered as an "applicant" for admission (*i.e.*, will be admitted routinely) unless certain exceptions outlined in 8 U.S.C. § 1101(a)(13)(C) apply. One of those exceptions is that the alien "has committed an offense identified in [8 U.S.C. § 1182(a)(2)]." 8 U.S.C. § 1101(a)(13)(C)(v). Among those identified offenses is a crime relating to controlled substances. 8 U.S.C. § 1182(a)(2)(A)(i)(II). The government need only have probable cause to believe that an arriving alien committed a crime listed in § 1182(a)(2) to detain that alien under § 1225(b). *Doe v. Att'y Gen. of U.S.*, 659 F.3d 266, 272 (3d Cir. 2011).

Although Morey became a lawful permanent resident in 2010, he has a 2000 conviction for criminal sale of a controlled substance, a crime under § 1182(a)(2); a conviction, of course, surpasses the threshold showing of probable cause.[1] Thus, CBP was justified in treating Morey

---

[1] As CBP needed only probable cause to believe that Morey had committed a crime under § 1182(a)(2) to treat him as an applicant for admission and detain him under § 1225(b), the Court need not reach a conclusion as to whether Morey's 2000 conviction in fact constitutes a basis for removal, an issue thoroughly addressed by the BIA. (*See* Response, Ex. E, ECF No. 9-5.)

3

as an "applicant for admission" when he attempted to reenter the country on March 17, 2015. *See Tineo v. Ashcroft*, 350 F.3d 382, 388–96 (3d Cir. 2003). Although Morey describes his status as that of a a post-removal detainee (*see* ECF No. 1 ¶¶ 11, 13), the Court of Appeals' stay of his removal has caused his detention to revert to pre-removal status. *See Leslie v. Att'y Gen. of U.S.*, 678 F.3d 265, 270 (3d Cir. 2012); *Wilson v. Green*, Civ. A. No. 16-1906 (SDW), 2016 WL 4571389, at *3 (D.N.J. Sept. 1, 2016). Accordingly, Morey's detention falls under the authorization of 8 U.S.C. § 1225(b)(2)(A).

That subparagraph states that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under [8 U.S.C. § 1229a]." 8 U.S.C. § 1225(b)(2)(A). Detention of an applicant for admission pending a removal proceeding is thus practically mandatory. *See Tineo*, 350 F.3d at 387. Controlling statutes and regulations do not provide for bond hearings concerning persons detained under § 1225(b). *See* 8 C.F.R. § 235.3(c); 8 C.F.R. § 1003.19(h)(2)(i)(B).[2] Instead, a § 1225(b) detainee who seeks release must seek a discretionary grant of parole from the Attorney General, through DHS, on grounds of "urgent humanitarian reasons or significant public benefit." 8 U.S.C. § 1182(d)(5)(A); *see also* 8 C.F.R. § 212.5(b).

More generally, any detainee must ordinarily exhaust potential administrative remedies before seeking relief through a § 2241 petition for writ of habeas corpus. *Okonkwo v. I.N.S.*, 69 F. App'x 57, 59 (3d Cir. 2003); *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998); *see also Castro-Morales v. Ebbert*, 331 F. App'x 191, 192 (3d Cir. 2009); *United States ex rel. Kovalev v.*

---

[2] The Court is aware that cases from this district have recognized that due-process concerns may, under certain circumstances, justify bond hearings for § 1225(b) detainees. *See Damus v. Tsoukaris*, Civ. A. No. 16-933 (JLL), 2016 WL 4203816, at *2–4 (D.N.J. Aug. 8, 2016). AS it happens, Morey has already received a bond hearing, and it is not necessary to opine on whether it was constitutionally required.

4

*Ashcroft*, 71 F. App'x 919, 921 (3d Cir. 2003). In his petition, Morey asserts in conclusory fashion that he "has exhausted any and all administrative remedies to the extent required by law." (ECF No. 1 ¶ 4.) He does not specifically describe such efforts or state whether he has requested a discretionary grant of parole from the Attorney General. (*See* ECF No. 1.) Respondent states that Morey has not done so. (Response, ECF No. 9, at 12–14.) This presents a potentially dispositive issue: if Morey has not yet exhausted all potential administrative remedies, then the Court must deny his petition. *See Okonkwo*, 69 F. App'x at 59; *Sheba v. Green*, Civ. A. No. 16-230 (SDW), 2016 WL 3648000, at *3 (D.N.J. July 7, 2016). Ordinarily, this situation might prompt an order for Morey to show cause why the Court should not dismiss his petition for failure to exhaust administrative remedies. *See Questel v. Green*, Civ. A. No. 16-1637 (MLC), 2016 WL 4744140, at *4 (D.N.J. Sept. 12, 2016).

In this case, however, there is no need for such an order. Morey already received a custody hearing concerning his present detention before an IJ. The IJ found that Morey was a flight risk who could not be paroled. (*See* Response, Ex. C, ECF No. 9-3.) Such a bond hearing is the only kind of relief that this Court could grant to Morey, even if his habeas petition were successful. *See Mendoza v. Green*, Civ. A. No. 16-1447 (JLL), 2016 WL 4208439, at *2 (D.N.J. Aug. 8, 2016); *Pena v. Davies*, Civ. No. 15-7291 (KM), 2016 WL 74410, at *2 (D.N.J. Jan. 6, 2016). This Court has no power, for example, to review the discretionary decision rendered by an IJ at a bond hearing. *See Mendoza*, 2016 WL 4208439 at *2; *Pena*, 2016 WL 74410 at *2. Accordingly, Morey's petition is moot—he has already received the only relief the Court could award him.

## IV. CONCLUSION

For the foregoing reasons, the habeas petition will be denied without prejudice to a renewed application in light of changed circumstances, if and as appropriate. An appropriate order will be entered.

DATED: September 19, 2017

KEVIN MCNULTY
United States District Judge