UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELI ALMANZAR MOREY, | |
| Petitioner, | Civ. No. 17-56 (KM) |
| v. | |
| ORLANDO RODRIGUEZ, | OPINION |
| Respondent. | |

### KEVIN MCNULTY, U.S.D.J.

## I. INTRODUCTION

Petitioner pro se, Eli Almanzar Morey, is an immigration detainee who brought this habeas proceeding under 28 U.S.C. § 2241. Now before the Court is a motion (ECF No. 19) seeking reconsideration of my opinion and order of September 19, 2017 (ECF Nos. 14, 15), which denied Mr. Morey's habeas petition. Respondent opposes this motion. (ECF No. 20.) Having considered the parties' submissions, and for the reasons given below, Mr. Morey's reconsideration motion will be denied.

## II. BACKGROUND

Mr. Morey filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in January 2017. On September 19, 2017, I issued an opinion and order denying Mr. Morey's petition as moot, because he had already received a bond hearing before an immigration judge. (ECF No. 14 at 5.) I also noted that the evidence before the Court indicated that Mr. Morey had not exhausted his potential administrative remedies by seeking a discretionary grant of parole from the Attorney General. (ECF No. 14 at 4–5.)

Mr. Morey now moves for reconsideration of that opinion and order. (ECF No. 19.) He argues that a legal permanent resident ("LPR") like him who has returned from a short trip abroad should be afforded greater due process rights than an alien seeking admission to the United States for the first time. (ECF No. 19 at 2–4.) Mr. Morey also contends that, although he received a bond hearing before an immigration judge in October 2016, he was not afforded adequate due process during that hearing. (*Id.* at 4–6.)

In opposition, respondent argues that Mr. Morey relies on non-binding precedent and still has not addressed his failure to exhaust administrative remedies. (ECF No. 20, at 1–2.) He further notes that it does not appear Mr. Morey sought review of his bond determination from the Board of Immigration Appeals, thus arguing that any claim regarding the process received during the bond hearing remains unexhausted. (*Id.* at 2.)

Mr. Morey subsequently submitted a letter asserting that his circumstances have changed. He cites a decision to continue his detention from the director of the Immigrations and Customs Enforcement ("ICE") field office, new letters in support of his release on bond from family and friends, and his application for post-conviction relief in state court. (ECF No. 22.)

### III. STANDARD OF REVIEW

Motions for reconsideration are permitted under Local Civil Rule 7.1(i), but reconsideration is considered an extraordinary remedy and is granted only sparingly. *See Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 515 (D.N.J. 2014); *Andreyko v. Sunrise Senior Living, Inc.*, 993 F. Supp. 2d 475, 477 (D.N.J. 2014). A party seeking reconsideration must "set[] forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i). Motions for reconsideration are not intended as an opportunity to reargue old matters or raise issues that could have been raised previously. *See*

*Andreyko*, 993 F. Supp. 2d at 477–78; *P. Schoenfeld Asset Mgm't LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Thus, the movant generally has the burden of demonstrating one of three bases for reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered its original decision]; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

## IV. DISCUSSION

Mr. Morey's motion cannot be read as raising an intervening change in controlling law or newly discovered evidence. The arguments he now attempts to assert are based on law or facts that he knew, or could have known, when he filed his petition. Accordingly, I construe the motion as asserting a "need to correct a clear error of law or fact or to prevent a manifest injustice." *Max's Seafood Cafe*, 176 F.3d at 677. I find no such error, however.

First, although the opinion denying his petition contained some discussion of the government's authority to detain applicants for admission under 8 U.S.C. § 1225(b), the main basis for the denying relief was the fact that Mr. Morey had already received a bond hearing. Such a bond hearing is the only relief that this Court typically grants immigration detainees seeking habeas relief for prolonged detention. (*See* ECF No. 14 at 5.) In addition, the opinion stated that no relief could be granted because Mr. Morey had not exhausted potential administrative remedies. (*See id.* at 4–5.)

Accordingly, Mr. Morey's arguments as to whether an LPR returning from a brief trip abroad should be found to have greater constitutional rights than an alien seeking admission for the first time are irrelevant. That question had no impact on the initial analysis of the petition, and it carries no weight on this motion for reconsideration.

Furthermore, I could not have, in rendering the original opinion, *overlooked* due process concerns as to Mr. Morey's bond hearing because he did not raise any such issue. *See* L. Civ. R. 7.1(i); *Andreyko*, 993 F. Supp. 2d at 477–78 ("The word 'overlooked' is the operative term in the Rule." (internal quotation marks omitted)). While Mr. Morey did attempt to raise some of these issues in a late reply to respondent's opposition, the Court did not receive this reply until several days after the opinion and order issued and over four months after Mr. Morey's time to submit such a reply had expired. (*See* ECF Nos. 16, 18.) Even setting aside the reply brief's untimeliness, arguments raised for the first time in a reply brief are not properly before the Court and need not be considered. *See Judge v. United States*, 119 F. Supp. 2d 270, 284 (D.N.J. 2015).

Mr. Morey's letter suggests that there has been an administrative determination of continued detention. He may be attempting to imply that he has exhausted administrative remedies, but there is no forthright allegation, let alone proof, of that. At any rate, however, this evidence was not before the Court when the original opinion issued. Even assuming that remedies were exhausted later, it only confirms that Mr. Morey's administrative remedies were not exhausted at that time.

## V. CONCLUSION

For the foregoing reasons, Mr. Morey's motion (ECF No. 19) for reconsideration of my denial of his habeas petition will be denied. An appropriate order will be entered.

DATED: May 29, 2018

KEVIN MCNULTY
United States District Judge

4